958 A.2d 481 (2008)
403 N.J. Super. 373
Hina K. PATEL, Appellant,
v.
NEW JERSEY MOTOR VEHICLE COMMISSION, Respondent.
No. A-2911-07T1
Superior Court of New Jersey, Appellate Division.
Submitted September 16, 2008.
Decided October 14, 2008.
*482 Lanfrit & Tullio, for appellant (Darren Dapas, on the brief).
Anne Milgram, Attorney General, for respondent (Lewis A. Scheindlin, Assistant Attorney General, of counsel; Mala Narayanan, Deputy Attorney General, on the brief).
Before Judges WINKELSTEIN, FUENTES and GILROY.
The opinion of the court was delivered by
WINKELSTEIN, J.A.D.
In 2000, New Jersey enacted N.J.S.A. 39:4-97.2, making it unlawful to operate a motor vehicle in an unsafe manner. The law imposes fines for the first two violations, but does not provide for the assessment of motor vehicle penalty points by the New Jersey Motor Vehicle Commission (MVC) until "a third or subsequent offense." N.J.S.A. 39:4-97.2d.
The statute also provides relief from the assessment of motor vehicle penalty points. An offense "committed more than five years after the prior offense shall not be considered a subsequent offense for purposes of assessing motor vehicle penalty *483 points under subsection d. of this section." N.J.S.A. 39:4-97.2e.
This appeal calls for us to construe the latter provision. We are asked to determine if the MVC erred when it assessed four motor vehicle penalty points against appellant's driving record after her fourth conviction for unsafe driving. She committed two offenses in 2002, a third offense in 2006, and her most recent offense was in 2007. Appellant argues that points should not have been assessed for the latter offense because more than five years had passed between her 2002 offenses and her 2007 offense, making her 2007 offense her second offense for purposes of assessing points under N.J.S.A. 39:97.2e. The MVC disagrees, arguing that the relief from the assessment of points afforded by N.J.S.A. 39:4-97.2e. applies only when the five-year gap occurs after the third offense. We agree and consequently affirm the MVC's imposition of points for appellant's 2007 conviction.
Appellant, Hina K. Patel, was convicted of unsafe driving in May and September 2002 for offenses she committed the previous March and August, respectively.[1] The court assessed the appropriate fines, but, because these were appellant's first two convictions under the unsafe driving statute, the MVC did not assess motor vehicle penalty points. Appellant was next convicted under the statute in July 2006, for an offense she committed the month before. In addition to the municipal court's imposition of fines, the MVC assessed four motor vehicle penalty points against appellant's driving record. Appellant did not appeal from that determination.
In November 2007, appellant received her fourth conviction under the statute, for a September 2007 violation. The municipal court imposed the appropriate fines and the MVC assessed four motor vehicle penalty points against appellant's driving record. It is from that latter assessment that appellant appeals.
The unsafe driving statute, N.J.S.A. 39:4-97.2, states:
a. Notwithstanding any other provision of law to the contrary, it shall be unlawful for any person to drive or operate a motor vehicle in an unsafe manner likely to endanger a person or property.
b. A person convicted of a first offense under subsection a. shall be subject to a fine of not less than $50.00 or more than $150.00 and shall not be assessed any motor vehicle penalty points pursuant to section 1 of P.L. 1982, c. 43 (C. 39:5-30.5).
c. A person convicted of a second offense under subsection a. shall be subject to a fine of not less than $100.00 or more than $250.00 and shall not be assessed any motor vehicle penalty points pursuant to section 1 of P.L. 1982, c. 43 (C. 39:5-30.5).
d. A person convicted of a third or subsequent offense under subsection a. shall be subject to a fine of not less than $200.00 or more than $500.00 and shall be assessed motor vehicle penalty points pursuant to section 1 of P.L. 1982, c. 43 (C. 39:5-30.5).
e. An offense committed under this section that occurs more than five years after the prior offense shall not be considered a subsequent offense for the purpose of assessing motor vehicle penalty points under subsection d. of this section.[2]
*484 Our goal in interpreting a statute is to determine the Legislature's intent. D'Annunzio v. Prudential Ins. Co. of Am., 192 N.J. 110, 119, 927 A.2d 113 (2007). To determine that intent, we begin with the plain language of the statute, and "ascribe to the statutory language its ordinary meaning." Ibid. "If the plain language leads to a clear and unambiguous result, then our interpretive process is over." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195, 927 A.2d 543 (2007).
While we are not bound by an agency's interpretation of a statute, we generally afford the agency deference in its interpretation of the statute that the agency is charged with enforcing. Id. at 196, 927 A.2d 543. "An agency's interpretation of a statute will prevail unless it is `plainly unreasonable.'" T.H. v. Div. of Developmental Disabilities, 189 N.J. 478, 490, 916 A.2d 1025 (2007) (quoting In re N.J. Tpk. Auth. v. Am. Fed. of State, County & Mun. Employees, 150 N.J. 331, 351, 696 A.2d 585 (1997)).
Applying these principles here, we reject appellant's arguments. The statute imposes fines in increasing gradations, but no points, for the first and second unsafe driving convictions. N.J.S.A. 39:4-97.2b., c. Subsection d. states that upon conviction of a "third or subsequent offense," in addition to increased fines, the driver "shall be assessed" motor vehicle penalty points. N.J.S.A. 39:4-97.2d. Subsection e., however, permits relief from the assessment of points referred to in subsection d., but only when the latest offense "occurs more than five years after the prior offense." N.J.S.A. 39:4-97.2e. (emphasis added). It does not state that relief from the assessment is available when a five-year gap occurs between a new offense and any prior offense. It is limited in its application to a five-year interval between offenses that immediately follow each other. Thus, here, because appellant's 2006 offense was committed less than five years after her 2002 offenses, and her 2007 offense was committed less than five years after her 2006 offense, she did not have a five-year interval between offenses to qualify her for relief from the assessment of points under N.J.S.A. 39:4-97.2e.
Although not necessary to the disposition of this appeal, we make one final observation. The MVC argues that relief from the assessment of motor vehicle penalty points is afforded by subsection e. only after the third offense. That is a reasonable construction of the statute.
Subsection e. says that after a five-year interval occurs between offenses, "the prior offense shall not be considered a subsequent offense for the purpose of assessing... points under subsection d." N.J.S.A. 39:4-97.2e. (emphasis added). It does not say that the prior offense shall not be considered a third or subsequent offense for the purpose of assessing points. By its plain language, therefore, it limits relief from the assessment of points to subsequent offenses; it does not provide relief for third offenses. Simply put, points are to be assessed for the third conviction, regardless of whether five years passes between the second and third offenses. It is only to subsequent offenses, those occurring after the third offense, that the five-year gap applies.
Affirmed.
NOTES
[1] Because the record on appeal does not contain transcripts of any of the municipal court proceedings in which appellant was convicted of unsafe driving, we take the undisputed facts from the parties' briefs.
[2] The law was amended in 2004 to include a $250 surcharge as an additional penalty. The surcharge is not at issue on appeal.