982 A.2d 445 (2009)
200 N.J. 413
Hina K. PATEL, Appellant-Appellant,
v.
NEW JERSEY MOTOR VEHICLE COMMISSION, Respondent-Respondent.
A-10/11 September Term 2008.
Supreme Court of New Jersey.
Argued September 15, 2009.
Decided November 10, 2009.
*446 Michelle M. Tullio, Somerset, argued the cause for appellant (Lanfrit and Tullio, attorneys; Darren D. Papas on the brief).
Nicole T. Minutoli, Deputy Attorney General, argued the cause for respondent (Anne Milgram, Attorney General of New Jersey, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Mala Narayanan, Deputy Attorney General, on the brief).
Justice LaVECCHIA delivered the opinion of the Court.
N.J.S.A. 39:4-97.2 makes it unlawful for any person to drive a motor vehicle in an unsafe manner likely to endanger a person or property. The law imposes only fines for the first two violations, but it authorizes the New Jersey Motor Vehicle Commission (MVC) to assess motor vehicle penalty points, in addition to fines, for "a third or subsequent offense." N.J.S.A. 39:4-97.2(d). An assessment of points may be avoided, however, based on the timing of one's offenses. Subsection e. provides that
[a]n offense committed under this section that occurs more than five years after the prior offense shall not be considered a subsequent offense for the purpose of assessing motor vehicle penalty points under subsection d. of this section.
[N.J.S.A. 39:4-97.2(e).]
This appeal requires us to construe that exemption provision.
Appellant, Hina Patel, is a repeat violator of the unsafe driving statute, N.J.S.A. 39:4-97.2. Based on the timing of her violations *447 she contested the MVC's determination to assess motor vehicle penalty points for her fourth offense. For the reasons that follow, we affirm the MVC's imposition of points for Patel's fourth unsafe driving violation.

I.
Patel's relevant driving history may be summarized as follows. On March 12, 2002, she committed a driving offense and pled guilty to unsafe driving on May 3, 2002. She committed another offense on August 7, 2002, and on September 17, 2002, again pled guilty to unsafe driving. On April 4, 2006, Patel received a citation for unsafe lane changing, for which she pled to a third unsafe driving violation on June 9, 2006. Then, on September 5, 2007, she received citations for speeding and failing to have her vehicle timely inspected, in exchange for which she entered a guilty plea to unsafe driving on November 19, 2007.
Patel was fined in accordance with the statute's progressive fine structure for each of her four unsafe driving convictions. She also was assessed four motor vehicle penalty points for her third offense. The instant controversy arose over the assessment of four additional motor vehicle points for her fourth unsafe driving conviction in 2007. Patel wrote to the Chief Administrator of the MVC, objecting because her fourth conviction had occurred more than five years after both her first and second offenses. Because only her third offense had occurred within five years of the 2007 offense (the fourth unsafe driving conviction), Patel argued that the 2007 offense must be treated as a "second offense" under the statute. According to Patel, because N.J.S.A. 39:4-97.2(c) does not authorize points for second offenses, she should not be subjected to motor vehicle penalty points for the 2007 violation.
Patel received a response[1] informing her that "a third and subsequent violation for [N.J.S.A.] 39:4-97.2 (Unsafe Operation Of A Motor Vehicle) within a five year period will be issued 4 points. Our records indicate this is your ... 4th violation since March 12, 2002. Therefore your ... Driver History record will remain the same."
Patel appealed from that final determination of the MVC, see R. 2:2-3(a)(2), and asserted the same arguments that she had presented to the MVC. The Appellate Division's decision upheld the MVC's interpretation of the statute and its application to Patel that resulted in the points assessment for her fourth unsafe driving conviction. Patel v. N.J. Motor Vehicle Comm'n, 403 N.J.Super. 373, 378, 958 A.2d 481 (App.Div.2008). The panel observed that subsection e. of the statute exempts an individual from points when more than five years have elapsed between a subsequent offense and the prior offense. Id. at 377, 958 A.2d 481. The panel concluded that the assessment of points on Patel's "subsequent" fourth conviction was proper because her third offense had occurred within five years of her fourth. Ibid. Relying on the Legislature's language in subsection e., the panel discerned a legislative intent to apply the exemption from points when the "subsequent" offense occurs more than five years after "the prior offense," not "any prior offense." Ibid. The panel regarded the statutory reference to "the prior offense" in subsection e. as meaning the most recent prior offense. Ibid. In Patel's *448 case, "the prior offense" was her third conviction, which was within five years of her fourth conviction. Ibid.

II.
As this appeal involves the interpretation of a statute, "our goal is to discern and effectuate the Legislature's intent." State v. Brannon, 178 N.J. 500, 505, 842 A.2d 148 (2004). The plain language of the statute is our starting point. See State v. Lewis, 185 N.J. 363, 369, 886 A.2d 643 (2005) (citing State v. Ivory, 124 N.J. 582, 585, 592 A.2d 205 (1991)). We apply to the statutory terms the generally accepted meaning of the words used by the Legislature, see D'Annunzio v. Prudential Ins. Co. of Am., 192 N.J. 110, 119, 927 A.2d 113 (2007) (citing DiProspero v. Penn, 183 N.J. 477, 492, 874 A.2d 1039 (2005)), and strive "to give effect to every word." Med. Soc'y of N.J. v. N.J. Dep't of Law & Pub. Safety, 120 N.J. 18, 26, 575 A.2d 1348 (1990). Because we do not assume that the Legislature used any unnecessary or meaningless language, see id. at 26-27, 575 A.2d 1348, we read a statute in its entirety and construe "each part or section ... in connection with every other part or section to provide a harmonious whole." Bedford v. Riello, 195 N.J. 210, 224, 948 A.2d 1272 (2008) (citing In re Distrib. of Liquid Assets, 168 N.J. 1, 17-18, 773 A.2d 6 (2001); State v. Brown, 22 N.J. 405, 415-16, 126 A.2d 161 (1956)).
With those general principles in mind we turn to the statute in issue. As the panel below appropriately noted, "`[i]f the plain language leads to a clear and unambiguous result, then our interpretive process is over.'" Patel, supra, 403 N.J.Super. at 376, 958 A.2d 481 (quoting Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195, 927 A.2d 543 (2007)). However "if there is ambiguity in the statutory language that leads to more than one plausible interpretation, we may turn to extrinsic evidence, including legislative history, committee reports, and contemporaneous construction," for further assistance in our interpretative task. DiProspero, supra, 183 N.J. at 492-93, 874 A.2d 1039 (citation and internal quotation marks omitted).

III.

A.
The unsafe driving statute provides as follows:
a. Notwithstanding any other provision of law to the contrary, it shall be unlawful for any person to drive or operate a motor vehicle in an unsafe manner likely to endanger a person or property.
b. A person convicted of a first offense under subsection a. shall be subject to a fine of not less than $50.00 or more than $150.00 and shall not be assessed any motor vehicle penalty points pursuant to [N.J.S.A. 39:5-30.5].
c. A person convicted of a second offense under subsection a. shall be subject to a fine of not less than $100.00 or more than $250.00 and shall not be assessed any motor vehicle penalty points pursuant to [N.J.S.A. 39:5-30.5].
d. A person convicted of a third or subsequent offense under subsection a. shall be subject to a fine of not less than $200.00 or more than $500.00 and shall be assessed motor vehicle penalty points pursuant to [N.J.S.A. 39:5-30.5].
e. An offense committed under this section that occurs more than five years after the prior offense shall not be considered a subsequent offense for the purpose of assessing motor vehicle penalty points under subsection d. of this section.

*449 f. In addition to any fine, fee or other charge imposed pursuant to law, the court shall assess a person convicted of an offense under subsection a. of this section a surcharge of $250 which shall be collected by the court and distributed to the Division of Revenue in the Department of the Treasury as a New Jersey Merit Rating Plan surcharge pursuant to [N.J.S.A. 17:29A-35(b)(2)(a)].
[N.J.S.A. 39:4-97.2.]
The MVC interpreted the statute to require that Patel's fourth violation subjected her to the imposition of motor vehicle penalty points under subsection d. Its letter disposition of Patel's points challenge explained that points are assessed if the third "and" the subsequent offense occurred during a five-year period. In other words, the MVC found that points must be assessed if five or fewer years had elapsed between Patel's third and her subsequent fourth offense.
"Generally, courts afford substantial deference to an agency's interpretation of a statute that the agency is charged with enforcing." Richardson, supra, 192 N.J. at 196, 927 A.2d 543 (citing R & R Mktg., L.L.C. v. Brown-Forman Corp., 158 N.J. 170, 175, 729 A.2d 1 (1999)). However, we are not bound by an agency's construction of a statute just as we are not bound by its other, strictly legal determinations. Ibid. An agency's determination must be reversed if "it is `plainly unreasonable.'" T.H. v. Div. of Developmental Disabilities, 189 N.J. 478, 490, 916 A.2d 1025 (2007) (quoting In re N.J. Tpk. Auth. v. Am. Fed'n of State, County & Mun. Employees, 150 N.J. 331, 351, 696 A.2d 585 (1997)). An agency's final decision is plainly unreasonable and violates express or implied legislative direction if it gives "a statute any greater effect than is permitted by the statutory language[,] ... alter[s] the terms of a legislative enactment[,] ... frustrate[s] the policy embodied in the statute ... [or] is plainly at odds with the statute." Id. at 491, 916 A.2d 1025 (citations and internal quotation marks omitted). Here it is clear to us that the MVC committed no such grievous error in respect of its interpretation of the unsafe driving statute that led to Patel's points assessment; the Appellate Division was entirely correct in affirming the MVC's action in Patel's points challenge.

B.
A plain-language reading of subsection e. of the unsafe driving statute supports the construction that "the prior offense" refers only to the most recent preceding offense. "The" when used "before a noun, and generally stressed, emphasiz[es] one of a group or type as the most outstanding or prominent." Webster's II New College Dictionary 1143 (rev. ed. 1999). Consequently, "the" indicates that the Legislature was contemplating only one prior offense, not each or any prior offense. See Villa v. Short, 195 N.J. 15, 26, 947 A.2d 1217 (2008) (quoting Allstate Ins. Co. v. Stamp, 134 N.H. 59, 588 A.2d 363, 365 (1991) (noting, in interpreting insurance policy with multiple insureds, that "`the indefinite article `an,' rather than the definite `the,' before `insured' is a clear reference to any insured'")).
In our view, the phrase "prior offense" in subsection e. contemplates only one offense. Moreover, the use of the article "the" signifies that the noun to which it attaches is the one most prominent and, in light of the absence of an explicit reference to a specific offense, the natural assumption to be made from the plain language is that the Legislature contemplated the most recent prior offense. However, because that is not explicitly stated, the meaning of "the prior offense" could arguably *450 be found to contain some ambiguity. Accordingly, we may examine whether extrinsic aids are of any assistance in our effort to discern the legislative intent. See DiProspero, supra, 183 N.J. at 492-93, 874 A.2d 1039. In this instance, such assistance can be found in the legislative history of the unsafe driving statute.

C.
Before enactment, the unsafe driving statute underwent several revisions and substitutions. A bill first was introduced in the Senate and, although the substantive offense was the same, the punishment scheme was substantially different from the statute eventually enacted. A first offense carried the penalty of a fine between $50 and $200 and/or no more than fifteen days of imprisonment. S. 1236, 209th Leg. (N.J. 2000). However, no points were to be assessed for the first offense. Ibid. For a second or subsequent offense, a fine between $100 and $500 was required and/or imprisonment for no more than thirty days. Ibid. Additionally, the assessment of motor vehicle points was optional. Ibid. That bill substantially mirrored the reckless driving statute, N.J.S.A. 39:4-96, which imposes similar but more severe penalties and requires a reckless mental state.
Senate Bill 1236 was replaced by identical bills introduced in both houses of the Legislature (Senate Bill 1410 and Assembly Bill 2465). The new bills removed the penalty of imprisonment. See S. 1410, 209th Leg. (N.J. 2000); Assemb. 2465, 209th Leg. (N.J. 2000). The maximum fees to be imposed for a first and second offense were reduced to $150 and $250 respectively and points could no longer be assessed for a second offense. S. 1410, supra; Assemb. 2465, supra. Importantly, a new section was added, the precursor to the present subsection d. It allowed for the discretionary assessment of motor vehicle points for third and subsequent convictions. S. 1410, supra; Assemb. 2465, supra. Also, the fee for a third and subsequent offense was set between $200 and $500. S. 1410, supra; Assemb. 2465, supra. Eventually, the substantive provisions from another pending bill, Assembly Bill 2466, were incorporated, clarifying a prosecutor's authority to accept a plea to unsafe driving for any other offense even if it was not a lesser-included offense.[2]See Assemb. 2466, 209th Leg. (N.J. 2000).
The Assembly Judiciary Committee made further substantive revisions. The substitute bill rendered mandatory the assessment of points for third and subsequent convictions. Assemb. Judiciary Comm. Statement to Assemb. Comm. Substitute for Assemb. Nos. 2465 and 2466, 209th Leg. 1 (N.J. 2000). The substitute bill also created the five-year exception now found in subsection e. Ibid. As the Assembly Judiciary Committee explained, "an offense committed under [this statutory] provision[] which occurs more than five years after the prior offense would not be considered a subsequent offense within the meaning of subsection d. of section 1 of the substitute for the purpose of assessing motor vehicle penalty points." Ibid. The Senate adopted the changes made by the Assembly. S. Comm. Substitute for S. 1236, 209th Leg. (N.J. 2000). On signing the bill, then-Governor Christine Todd Whitman issued a news release that is noteworthy for its description of subsections d. and e., and their interplay in the assessment of points and the five-year exception. News Release, Office of *451 the Governor (July 24, 2000). Governor Whitman's news release explained that a "person convicted of a third or subsequent offense would be subject to a fine of not less than $200.00 or more than $500.00 and may be assessed motor vehicle penalty points, if the offense occurs within five years of the prior offense." Ibid. The unsafe driving statute took effect on July 24, 2000. L. 2000, c. 75, § 1.[3]
Our review of that legislative history leads us to the conclusion that the Legislature meant the words "the prior offense" in subsection e. to refer to the offense immediately preceding a "subsequent" offense such as Patel committed in 2007. The Governor's news release pointedly gives the statute's wording such an interpretation. Moreover, that interpretation is consistent with the apparent policy goals of the Legislature when enacting this new penalty scheme.
The statute plainly intended to punish those who drive "in an unsafe manner likely to endanger a person or property," without reference to the driver's mental state. N.J.S.A. 39:4-97.2(a). The statute was created notwithstanding the existence of a reckless driving statute, N.J.S.A. 39:4-96, as well as a careless driving statute, N.J.S.A. 39:4-97. Absent the five-year exception, the scheme demonstrates a legislative desire to impose increasing penalties for repetitive violations by unsafe drivers. That scheme operates on the basis of the number of violations and the amount of time between each violation. The leavening in that scheme is the Legislature's evident desire to show leniency to certain drivers who commit unsafe driving offenses. That leniency is demonstrated through the inclusion of the exemption from points for violations that occur after more than a five-year hiatus in unsafe driving violations. The legislative history to Bills 2466 and 2465 also reveals the policy choice to permit prosecutors to use the unsafe driving statute as a plea device for avoiding the imposition of points, while still advancing a fiscal plan to increase the State's revenue through surcharges assessed on each and every unsafe driving offense.
We find that the policies of the Legislature are harmonized and best advanced by applying the phrase "the prior offense" in subsection e. to fourth offenders exactly as did the MVC in Patel's case, namely by looking at the date of her immediately preceding third offense and, on finding *452 that it was not more than five years before her fourth offense in 2007, imposing points for her fourth violation. The agency's interpretation is a reasonable construction of the exact language used by the Legislature and gives meaning to each and every word employed in the statute. It advances the clearly perceptible, overall legislative intent to punish drivers with motor vehicle points for multiple unsafe driving offenses that are close in time (that is, within five years of each other). And, that policy is given reasonable effect if subsection e.'s reference to "the prior offense" refers to the immediately preceding offense.
We find additional support for that interpretation from examination of the differences in the phrasing and punishment schemes of other statutes, which suggest that the phrase "the prior offense" in subsection e. should be interpreted to refer to the most recent preceding offense. Both the surcharge statute, N.J.S.A. 17:29A-35, and the 2004 proposed amendments to the unsafe driving statute, supra note 3, exemplify how the unsafe driving statute could have been phrased if the Legislature meant for the phrase, "the prior offense," to necessarily encompass all prior offenses within a five-year period.[4] Although the phrasing of the surcharge statute and the 2004 proposed amendments is not dispositive, it is persuasive.
In conclusion, the Legislature chose to focus the exemption by referring to an offense that occurs five years or more after the prior offense. We hold that the MVC correctly imposed motor vehicle points on Patel for having a fourth unsafe driving conviction in 2007, only one year after the date of her prior, third, unsafe driving offense. She was not entitled to the exemption from points provided by operation of subsection e. of the statute.

D.
Although not necessary to the disposition of this appeal from the imposition of points for Patel's fourth violation, the Appellate Division opinion further expressed approval of the MVC's interpretation that the statute's five-year exception was inapplicable to "third" offenses, and that it may only apply to a "subsequent" offense, which the panel treated as a term of art in subsection e. Patel, supra, 403 N.J.Super. at 377-78, 958 A.2d 481. According to the panel, because subsection e. referred to only "a subsequent offense" and not a "third" offense, the five-year exception applied only to fourth and further offenses. Ibid. We see no basis for treating the term "subsequent offense" in subsection e. as a term of art addressing fourth or later offenses, but excluding third offenses for purposes of the imposition of points under subsection d. Although technical terms or terms of art "`having a special or accepted meaning in the law, shall be construed in accordance with [that] ... meaning,'" Pizzullo v. N.J. Mfrs. Ins. Co., 196 N.J. 251, 269, 952 A.2d 1077 (2008) (alteration in original) (quoting N.J.S.A. 1:1-1), we see no evidence in the plain language, structure, or legislative history of the unsafe driving statute to support a conclusion that the Legislature intended any such specialized, restrictive meaning by its use of the word "subsequent."
An equally sound, if not better understanding of the Legislature's use of "subsequent" in subsection e. is that it is descriptive and, thus, would apply to both a third and any ensuing offense that required *453 examination of "the prior offense" for purposes of determining eligibility for the points exemption. At best, an argument might be advanced that the language contained a shadow of ambiguity. But even if we were to agree with such a proposition, and we do not, application of the rule of lenity, see, e.g., State v. Gelman, 195 N.J. 475, 482, 950 A.2d 879 (2008), directs us to a different conclusion, one that favors a driver's eligibility for the points exemption. Absent a more explicit direction from the Legislature to outright deny subsection e.'s exemption to third offenders,[5] we reject the Appellate Division's contrary suggestion.

IV.
The judgment of the Appellate Division is affirmed.
For affirmanceChief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA-SOTO and HOENS7.
OpposedNone.
NOTES
[1] The Chief Administrator of the MVC referred Patel's correspondence to the Driver Management Bureau, a subdivision of the MVC, for response. We refer to the MVC and the Bureau collectively as MVC.
[2] The substantive provisions of Assembly Bill 2466 eventually amended N.J.S.A. 2B:25-1 to-12.
[3] In 2004, it was amended together with the laws governing the imposition of surcharges on motor vehicle violators as part of a plan to boost revenue. L. 2004, c. 69, § 1. An early bill proposed that, in addition to the fines already imposed under the unsafe driving statute, an unsafe driving conviction also would subject the driver to a surcharge "in an amount of $200.00 for a first offense, $350.00 for a second offense occurring within a ten-year period, and $500.00 for a third offense occurring within a ten-year period of a prior unsafe driving conviction." Assemb. 3114, 211th Leg. (N.J. 2004); S. 1714, 211th Leg. (N.J. 2004). That proposed amendment was abandoned in favor of a flat $250 surcharge on all unsafe driving convictions as the statute currently requires. As the Committee explained,

[t]he "unsafe driving" offense provided for fines, but specified that no motor vehicle points were to be assessed until a driver committed his third offense. This new infraction is being used by a number of motorists to avoid points and surcharges. A total of 233,000 motorists did so in calendar year 2003. This bill sets the Merit Rating Plan Surcharge for this offense at $250.
[S. Budget & Appropriations Comm. Statement to S. Comm. Substitute for S. 1714, 211th Leg. 1 (N.J. 2004).]
The new surcharge framework was estimated to provide the General Treasury with "$58 million in additional annual revenue." Ibid.
[4] If the unsafe driving statute had employed phrasing referring to a five-year "period," as the Legislature did in the surcharge statute and as was advanced in the initial 2004 bills proposed to amend the unsafe driving statute, Patel's position might be more persuasive.
[5] Indeed, pending in the Legislature is a bill, sponsored by an original sponsor of the unsafe driving statute, that clarifies that it is the legislative intent to require that a third offense occur within five years of a second offense in order for motor vehicle points to attach to the third offense. See S. 2439, 213th Leg. (N.J. 2008).