<div style="border:1px solid black; padding:10px;">

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1808-18T4

NOOR MOODNEY,

     Petitioner-Appellant,

v.

DEPARTMENT OF HUMAN
SERVICES,

     Respondent-Respondent.

_____

Argued October 6, 2020 — Decided October 16, 2020

Before Judges Yannotti and Mawla.

On appeal from the New Jersey Department of Human Services.

Noor Moodney, appellant, argued the cause pro se.

Tanjika Nicole Williams-Parks, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Shereen R. Youssef, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Noor Moodney appeals from a November 20, 2018 final determination by the New Jersey Department of Humans Services (DHS) denying his request of a fair hearing before an administrative law judge (ALJ). We affirm.

Moodney receives services from the Commission for the Blind and Visually Impaired (Commission). In April 2017, he submitted a bid to operate a vending facility in the Hudson County Administration Building, which was awarded to another bidder. In May 2017, Moodney sent an email to the Commission's Executive Director, complaining about the result. The Commissioner responded denying the grievance because "[s]ome of the factual basis of [Moodney's] claims [were] inaccurate" and advised him he was entitled to file a request for a hearing before an ALJ.

Moodney did not request a hearing. Instead, in July 2017, he sent emails to the Acting Commissioner of DHS and the assistant to the Commissioner. He argued: 1) the winning applicant should not have received an administrative score because he or she had been working in a location for less than a year; 2) the interview panel was improperly convened because a field representative was not a member of the panel; 3) his application was denied for discriminatory reasons and the Commission requested he withdraw his bid; and 4) the

Commission dismissed his grievance "without any investigation, review, or fair hearing."

On August 8, 2017, the Acting Commissioner responded to Moodney's emails by letter advising that DHS had reviewed his grievances and was satisfied the Commission "acted properly and lawfully[,]" and "found no impropriety." The letter advised the Hudson County vending location was awarded to the applicant with the highest score and that the winning applicant was an active licensee. The letter rejected Moodney's argument that the winning bidder should not have been awarded a score stating "[n]othing in [N.J.A.C. 10:97-7.4] prohibits [the Commission] from giving the winning applicant an administrative score because he/she has been working in a location for less than one year." The Acting Commissioner acknowledged the field representative "should be a member of the interview panel" pursuant to N.J.A.C. 10:97-7.4, but concluded there "[wa]s no showing that this adversely affected the award process. Indeed, the make-up of the interview panel was identical for each of the applicants." The letter found no evidence race had played a role or that the Commission requested Moodney withdraw his bid and noted there was nothing illegal about awarding the Hudson County location to another applicant since it was "the location that [Moodney] vacated upon being awarded a Newark location."

Lastly, the letter noted the Commission previously offered Moodney a fair hearing before the Office of Administrative Law (OAL) and again advised he could request a hearing emphasizing "[i]f you wish to have a fair hearing, you must respond in writing within thirty days of the date of this letter."

Moodney did not respond to the letter. In January 2018, his vending license was suspended for thirty days. Moodney appealed the suspension, a hearing was scheduled before an ALJ, but the matter settled beforehand. Pursuant to the settlement agreement, Moodney's license was restored and he was temporarily assigned the vending location in the Martin Luther King Courthouse in Newark. At the settlement hearing in April 2018, the Deputy Attorney General representing the Commission noted that awarding Moodney the Newark vending location "would situate him favorably . . . when another contract comes up in May at the Hudson County Courthouse. There's no guarantee he gets that contract . . . it's a bidding process and he would be [able to bid] . . . with an active license."

In August 2018, Moodney emailed the DHS commissioner requesting an administrative hearing. He requested the Commission be enjoined from awarding the Hudson County location to another applicant, and that it be

compelled to name Moodney the winner of the bid and award him the Hudson County location. Moodney sent a similar email on September 10, 2018.

On September 17, 2018, DHS responded and denied the request for a hearing as untimely because Moodney failed to respond to its August 8, 2017 letter. On September 20, 2018, Moodney sent an additional email and mailed correspondence requesting a hearing. On November 20, 2018, DHS responded, confirming its August 8, 2017 letter had set forth its reasoning for rejecting his grievance and advised him of his right to request an OAL hearing within thirty days, which he failed to do.

On appeal, Moodney repeats the arguments raised in his correspondence with DHS. He asserts the final decision did not address his claim of discrimination in the bidding process. He contends the temporary appointment of another vendor in the Hudson County location turned into a permanent award, which violated the bidding rules. He argues the current vendor operates at two locations at once, in violation of regulations requiring vendors to be physically present at a location. He asserts DHS violated its regulations by not disclosing the name of the competing vendor.

Appellate review of an agency action is deferential and limited. In re Herrmann, 192 N.J. 19, 27 (2007). A "strong presumption of reasonableness

attaches to the actions of the administrative agencies." In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)). We are not bound by an agency's interpretation of the law. Thurber v. City of Burlington, 191 N.J. 487, 502 (2007) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). We will, however, generally "afford substantial deference to an agency's interpretation of a statute that the agency is charged with enforcing." Patel v. N.J. Motor Vehicle Comm'n, 200 N.J. 413, 420 (2009) (quoting Richardson v. Board of Trs., 192 N.J. 189, 196 (2007)). Substantial deference must be extended to an agency's interpretation of its own regulations, particularly on technical matters within the agency's expertise. In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 488-89 (2004) (citation omitted). We will sustain an administrative agency's decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011).

N.J.A.C. 10:97-8.3(c) states the Commission "shall afford an opportunity for an [a]dministrative hearing, also known as a [f]ull [e]videntiary [h]earing, to each operator in accordance with the Administrative Procedure Act [(APA)] . . . and the Uniform Administrative Procedure Rules [(UAPR)]. . . ." The UAPR

state: "A contested case may be commenced by the agency itself or by an individual . . . as provided in the rules and regulations of the agency." N.J.A.C. 1:1-3.1(a). The APA states "agencies may place on any party the responsibility of requesting a hearing if the agency notifies him in writing of his right to a hearing and of his responsibility to request the hearing." N.J.S.A. 52:14B-9(g).

Here, it is undisputed that DHS sent Moodney correspondence on August 8, 2017, and re-sent it on September 14, 2017, expressly notifying him of his right to request a fair hearing in the OAL if he responded within thirty days. We reject Moodney's argument that his request was timely because the final decision "ignored entirely [the] 2018 facts[,]" and the Hudson County location case "was re-opened by [DHS] . . . ." Moodney's grievance arose from the 2017 bidding process for the Hudson County location, and the grievance was adjudicated with finality in 2017.

DHS's adherence to the thirty-day time period for requesting a fair hearing was not arbitrary, capricious, or unreasonable. For these reasons, we do not reach the balance of Moodney's arguments as they have been foreclosed, due to his failure to seek a hearing in the OAL in a timely fashion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-1808-18T4