2 A.3d 1159 (2010)
415 N.J. Super. 587
John K. CUPIDO and Teri Lynn Cupido, Plaintiffs-Respondents,
v.
William PEREZ, Defendant-Appellant.
No. A-4557-08T2.
Superior Court of New Jersey, Appellate Division.
Argued January 26, 2010.
Decided August 27, 2010.
*1160 Robert M. Kaplan argued the cause for appellant (Margolis Edelstein, attorneys for appellant; Mr. Kaplan, of counsel; Michelle L. Hodak, Mount Laurel, on the brief).
Dennis S. Brotman, Lawrenceville, argued the cause for respondents (Fox Rothschild, LLP, attorneys; Mr. Brotman, on the brief).
Before Judges SKILLMAN, GILROY and SIMONELLI.
The opinion of the court was delivered by
GILROY, J.A.D.
This is a personal injury automobile negligence action. The issue presented is whether an out-of-state resident whose automobile is insured by an insurance company, which, although not authorized to transact either private passenger automobile or commercial motor vehicle insurance business in this State, controls affiliate companies that are authorized to transact commercial motor vehicle business in the State, is subject to the limitation-on-lawsuit threshold pursuant to N.J.S.A. 17:28-1.4, commonly referred to as the deemer statute.[1] We conclude that such a non-resident is subject to the threshold.

I.
On December 3, 2005, plaintiffs John Cupido and his wife, Teri Lynn Cupido, filed a complaint against defendant William Perez for damages arising out of an automobile accident that occurred on December 24, 2003, in the City of Trenton.[2] On June 20, 2008, the trial court entered an order determining that plaintiff was not subject to the limitation-on-lawsuit threshold, N.J.S.A. 39:6A-8(a). On March 20, 2009, the court denied defendant's motion for reconsideration, and on April 21, 2009, the parties filed a consent judgment settling the lawsuit for $45,000, reserving defendant's right to appeal the June 20, 2008 and March 20, 2009 orders.
The core facts of this appeal are not in dispute. At the time of the accident, plaintiff operated his wife's Mercury automobile. Plaintiff resided in Bristol, Pennsylvania, and his automobile was insured by Nationwide Mutual Insurance Company (Nationwide) through a policy issued in Pennsylvania. Under the policy, plaintiff selected the "Full Tort" option to sue for injuries sustained in motor vehicle accidents. Nationwide was not authorized to transact private passenger automobile or *1161 commercial motor vehicle insurance business in New Jersey. However, Nationwide controlled four affiliated insurance companies that were authorized to transact commercial motor vehicle insurance business in the State, but not private passenger automobile insurance business: Nationwide Mutual Fire Insurance Company, National Casualty Company, Titan Indemnity Company, and Nationwide Affinity Insurance Company.
Defendant operated a small sports utility vehicle insured by New Jersey Manufacturers Insurance Company, an insurer authorized to transact private passenger automobile insurance business in New Jersey. The insurance policy provided personal injury protection (PIP) benefits for payment of any medical expenses and lost wages defendant might incur as a result of personal injuries suffered in automobile accidents, pursuant to N.J.S.A. 39:6A-4.
On February 19, 2008, defendant filed a motion for summary judgment seeking to dismiss plaintiff's complaint, contending that plaintiff was subject to the limitation-on-lawsuit threshold, and that plaintiff had failed to prove the existence of a qualifying injury as required by N.J.S.A. 39:6A-8(a). Plaintiff filed a cross-motion seeking partial summary judgment on liability; and seeking an order declaring that he was not subject to the threshold pursuant to the deemer statute because he was not insured by an insurance carrier authorized to transact private passenger automobile insurance business in New Jersey.
On May 9, 2008, the court granted plaintiff's motion for partial summary judgment on liability. The court denied the parties' cross-motions concerning whether plaintiff was subject to the limitation-on-lawsuit threshold, determining that there was insufficient evidence to conclude whether Nationwide controlled any other insurance companies authorized to transact private passenger automobile insurance business in New Jersey, and whether an affiliated insurance company authorized to transact commercial motor vehicle insurance business was sufficient to trigger the deemer statute. The court denied the cross-motions without prejudice pending further discovery on the issue.
On May 23, 2008, plaintiff filed a motion for reconsideration of that part of the May 9, 2008 order denying his request for a determination that he was not subject to the limitation-on-lawsuit threshold. Although not supported by any additional documentation, the court entered an order on June 20, 2008, granting the motion.
On January 30, 2009, defendant filed a motion to reconsider the June 20, 2008 order. Defendant supported the motion with an affidavit from Robert L. Edge, a Technical Assistant of the State Department of Banking and Insurance (DOBI), averring that, although Nationwide was not authorized to transact private passenger automobile or commercial motor vehicle insurance business in New Jersey on the date of the accident, it was affiliated with and controlled the previously mentioned four insurance companies, which were authorized to transact commercial motor vehicle insurance business in New Jersey. The court denied the motion on March 20, 2009. Following this ruling, the parties entered into a consent judgment settling plaintiff's personal injury claim for $45,000 and staying execution on the judgment pending defendant's appeal of the June 20, 2008 and March 20, 2009 orders.

II.
On appeal, defendant argues that the trial court erroneously determined plaintiff was not subject to the limitation-on-lawsuit threshold. Defendant contends that plaintiff was subject to the deemer *1162 statute because plaintiff's out-of-state insurer controlled affiliated insurance companies authorized to transact commercial motor vehicle insurance in the State. Plaintiff counters that "[a] plain reading of the statute [cannot] reasonably be interpreted to include an insurance company authorized to transact commercial motor vehicle insurance, and not private passenger automobiles." Plaintiff also contends that defendant failed to present evidence that any of Nationwide's affiliate insurance carriers authorized to transact commercial motor vehicle insurance business in New Jersey were doing so on the day of the accident.
We begin our analysis by quoting the deemer statute:
Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the personal injury protection benefits coverage pursuant to [N.J.S.A. 39:6A-4] or [N.J.S.A. 17:28-1.3] for any New Jersey resident who is not required to maintain personal injury protection coverage pursuant to [N.J.S.A. 39:6A-4] or [N.J.S.A. 39:6A-3.1] and who is not otherwise eligible for such benefits, whenever the automobile or motor vehicle insured under the policy is used or operated in this State. In addition, any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements of [N.J.S.A. 39:6B-1] or [N.J.S.A. 39:6A-3], the uninsured motorist insurance requirements of [N.J.S.A. 17:28-1.1], and personal injury protection benefits coverage pursuant to [N.J.S.A. 39:6A-4] or [N.J.S.A. 17:28-1.3], whenever the automobile or motor vehicle insured under the policy is used or operated in this State.
Any liability insurance policy subject to this section shall be construed as providing the coverage required herein, and any named insured, and any immediate family member as defined in [N.J.S.A. 39:6A-8.1], under that policy, shall be subject to the tort option specified in [N.J.S.A. 39:6A-8(a) ].
Each insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State and subject to the provisions of this section shall file and maintain with the [DOBI] written certification of compliance with the provisions of this section.
"Automobile" means an automobile as defined in [N.J.S.A. 39:6A-2].
[N.J.S.A. 17:28-1.4.]
The statute was originally enacted in 1985 as part of New Jersey's no fault automobile insurance plan. Gov't. Employees Ins. Co. v. Allstate Ins. Co., 358 N.J.Super. 555, 560, 818 A.2d 474 (App. Div.2003). One of its subsequent amendments imposed the former verbal threshold, now the limitation-on-lawsuit threshold, *1163 on certain out-of-state drivers involved in automobile accidents in New Jersey. L. 1988, c. 119, § 1. This impediment to sue for noneconomic damages is imposed by means of the second sentence of the first paragraph of the statute, coupled with the provisions contained in the second paragraph of the statute.
The second sentence of the statute is the focal point of this appeal. The question is whether the phrase in the second sentence, "an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State" includes an insurer that is only authorized to transact commercial motor vehicle insurance in the State. N.J.S.A. 17:28-1.4. We conclude that the deemer statute imposes an obligation to provide certain New Jersey automobile insurance coverages upon an out-of-state insurer that itself, or through an affiliated entity, is authorized to transact either private passenger automobile or other motor vehicle insurance business in the State, including commercial motor vehicle insurance.
We address plaintiff's second counter-argument first. We are satisfied that in supplying Edge's affidavit on his motion for reconsideration, defendant presented evidence establishing that four of Nationwide's affiliate insurance carriers transacted commercial motor vehicle insurance business in New Jersey on the date of the accident. Edge was an employee of DOBI and "responsible for maintaining the charter files of domestic insurers as well as researching and responding to public inquiries as to whether an insurer is authorized to transact insurance business in [New Jersey]." Additionally, the deemer statute does not require that the insurance carrier be transacting business on the day of the accident, but only that it is authorized to do so. N.J.S.A. 17:28-1.4.
With that stated, we turn to the question of interpreting the aforesaid phrase in the second sentence of the statute. In construing a statute, the role of the court "is to determine and effectuate the Legislature's intent," Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 553, 964 A.2d 741 (2009); and, "generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492, 874 A.2d 1039 (2005). In deciphering the Legislature's intent, "[w]e apply to the statutory terms the generally accepted meaning of the words used by the Legislature." Patel v. N.J. Motor Vehicle Comm'n, 200 N.J. 413, 418, 982 A.2d 445 (2009). "If the language is plain and if its meaning is clear, we do not rewrite [the statute], nor do we `presume that the Legislature intended something other than that expressed by way of the plain language.'" Hubner v. Spring Valley Equestrian Ctr., 203 N.J. 185, 194, 1 A.3d 618 (2010) (quoting O'Connell v. State, 171 N.J. 484, 488, 795 A.2d 857 (2002)).
Simply stated, "[a] clear and unambiguous statute is not open to construction or interpretation." Watt v. Mayor & Council of Franklin, 21 N.J. 274, 277, 121 A.2d 499 (1956). "If the plain language leads to a clear and unambiguous result, then our interpretive process is over." Richardson v. Bd. of Trs., Police & Firemen's Retirement Sys., 192 N.J. 189, 195, 927 A.2d 543 (2007). However, "if the language is not plain, if the Legislature's intent is not clear, or if the words are `susceptible to more than one possible meaning or interpretation, courts may look to extrinsic secondary sources'" to assist in interpreting the statute. Hubner, supra, 203 N.J. at 194, 1 A.3d 618 (quoting Marino v. Marino, 200 N.J. 315, 329, 981 A.2d 855 (2009)).
The statute defines the term "automobile" by referencing the definition contained in N.J.S.A. 39:6A-2. That statute *1164 defines "automobile" in relevant part as meaning:
[A] private passenger automobile of a private passenger or station wagon type that is owned or hired and is neither used as a public or livery conveyance for passengers nor rented to others with a driver; and a motor vehicle with a pickup body, a delivery sedan, a van, or a panel truck, or a camper type vehicle used for recreational purposes owned by an individual or by husband and wife who are residents of the same household, not customarily used in the occupation, profession or business of the insured other than farming or ranching.
[N.J.S.A. 39:6A-2(a).]
N.J.S.A. 39:6A-2(j) defines the term "motor vehicle" by referencing the definition contained in N.J.S.A. 39:1-1 "exclusive of an automobile as defined in [N.J.S.A. 39:6A-2(a) ]." N.J.S.A. 39:1-1 defines "motor vehicle" as including "all vehicles propelled otherwise than by muscular power, excepting such vehicles as run only upon rails or tracks and motorized bicycles." Accordingly, the definition of "motor vehicle" is broader than the definition of "automobile."
The statute does not restrict an out-of-state insurer's obligation to include certain New Jersey insurance coverages when vehicles are used or operated in New Jersey to only those insurers that are affiliated with insurance companies authorized to write private passenger automobile insurance in the State. Otherwise, the Legislature would not have included the terms "or motor vehicle" in the second sentence of the first paragraph of the statute, and would not have provided separate statutory definitions for the terms "automobile" and "motor vehicle." To construe those two terms interchangeably would render one of the terms superfluous.
"When the Legislature has specifically defined a term, that definition governs." Nebinger v. Md. Cas. Co., 312 N.J.Super. 400, 406, 711 A.2d 985 (App.Div.1998). "It is a cardinal rule of statutory construction that full effect should be given, if possible, to every word of a statute. We cannot assume that the Legislature used meaningless language." Gabin v. Skyline Cabana Club, 54 N.J. 550, 555, 258 A.2d 6 (1969); see also 1A Sutherland Statutory Construction, 163 (7th ed.) ("Courts should construe a statute, if possible, so no term is rendered superfluous or meaningless."). "Generally, courts presume that `or' is used in a statute disjunctively unless there is clear legislative intent to the contrary." 1A Sutherland Statutory Construction, 180-82 (7th ed.); accord Atlantic Container v. Township of Eagleswood Planning Bd., 321 N.J.Super. 261, 270 n. 4, 728 A.2d 849 (App.Div.1999).
Plaintiff asserts that the deemer statute is not applicable because Nationwide's affiliates are only authorized to insure commercial motor vehicles in New Jersey, and by that description, the vehicles are not required to be insured for no-fault PIP benefits. We agree that, generally, commercial motor vehicles are not required to be insured for PIP benefits. N.J.S.A. 39:6A-4. However, the issue is not whether a plaintiff's insurance policy actually includes New Jersey no-fault PIP benefits coverage. Rather, the issue is whether an out-of-state insurer that issues a motor vehicle insurance policy was authorized to transact either private passenger automobile or motor vehicle insurance business (including commercial motor vehicle insurance), directly or indirectly, in New Jersey. If so, then the insurance policy is deemed to include New Jersey no-fault PIP benefits, standard liability insurance, and uninsured motorist coverage pursuant to the deemer statute, thus subjecting the plaintiff-insured to the defense of the limitation-on-lawsuit threshold. N.J.S.A. *1165 17:28-1.4; Zabilowicz, supra, 200 N.J. at 514, 984 A.2d 872; Whitaker v. DeVilla, 147 N.J. 341, 348, 687 A.2d 738 (1997).
At oral argument, plaintiff cited to Zabilowicz in support of his position that he is not subject to the deemer statute. Plaintiff's reliance on Zabilowicz is misplaced. Indeed, it is the opposite side of the coin to the facts of the present appeal. In Zabilowicz, the issue was whether a defendant, who was insured by an out-of-state insurance company not authorized to transact business in New Jersey, was entitled to raise the limitation-on-lawsuit threshold as a defense in a personal injury automobile negligence action. 200 N.J. at 510-11, 984 A.2d 872. The plaintiff was a Pennsylvania resident whose motor vehicle was insured by an insurance company authorized to write automobile insurance in New Jersey. Id. at 510, 984 A.2d 872. The defendant was a Pennsylvania resident whose automobile was insured by an insurance company not authorized to transact business in New Jersey.[3]Id. at 511, 984 A.2d 872. Because the defendant's insurer was not required to provide no-fault coverage under the deemer statute, the defendant was not entitled to receive New Jersey no-fault PIP benefits. Accordingly, construing N.J.S.A. 39:6A-8(a) in accordance with its plain language, the Court determined that the defendant could not raise the limitation-on-lawsuit threshold as a defense to plaintiff's action. Id. at 516-19, 984 A.2d 872. Here, contrary to Zabilowicz, defendant's vehicle was insured for no-fault PIP benefits. Accordingly, Zabilowicz does not support plaintiff's position on appeal.
Reversed.
NOTES
[1] Individuals "covered by the limitation-on-lawsuit threshold may not sue a tortfeasor for noneconomic damages unless they suffer a serious or permanent bodily injury, as defined in N.J.S.A. 39:6A-8(a)." Zabilowicz v. Kelsey, 200 N.J. 507, 510, 984 A.2d 872 (2009).
[2] Plaintiff John Cupido sues for personal injuries, and plaintiff Teri Lynn Cupido sues per quod. For the balance of this opinion, the term "plaintiff" shall only refer to John Cupido.
[3] The question whether defendant's insurance company controlled affiliated insurance companies authorized to transact automobile or motor vehicle insurance in New Jersey was not before the Court.