**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5093-16T4

GUERLINE FELIX,

    Plaintiff,

v.

BRIAN V. RICHARDS,

    Defendant.

_____

BRIAN V. RICHARDS and KASSANDRIA
RICHARDS, His Wife Per Quod,

    Plaintiffs,

v.

GUERLINE FELIX, MID-ATLANTIC
INSURANCE COMPANY OF NEW JERSEY,

    Defendants,

and

AAA MID-ATLANTIC INSURANCE
COMPANY,

    Third-Party Plaintiff-
    Respondent,

v.

GEICO INDEMNITY COMPANY,

    Third-Party Defendant-

Appellant.

_____

Argued July 16, 2018 — Decided August 1, 2018

Before Judges Whipple and Suter.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket Nos. L-5330-14 and L-0455-15.

Eric G. Siegel argued the cause for appellant (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; Richard J. Williams, Jr., of counsel and on the brief; Eric G. Siegel, on the brief).

Sanford D. Kaplan argued the cause for respondent (Muscio, Kaplan & Helfrich, LLC, attorneys; Sanford D. Kaplan, on the brief).

PER CURIAM

The issue in this appeal is whether N.J.S.A. 17:28-1.4, the Deemer statute, applies to an automobile insurance policy written by GEICO Indemnity Company (GEICO) in Florida for a Florida resident who had an accident in New Jersey. The Florida policy did not include any bodily injury liability (BI) coverage. New Jersey now permits its residents the option under N.J.S.A. 39:6A-3.1, to purchase an automobile insurance policy with no BI coverage or in an amount less than the minimum required of $15,000 per person per accident or $30,000 for more than one person per accident ($15,000/$30,000). GEICO contends the Deemer statute should no longer require the out-of-state policy to include BI

coverage when New Jersey residents can purchase a policy without it.

GEICO appeals the June 10, 2016 order that granted summary judgment to AAA-Mid-Atlantic Insurance Company of New Jersey (AAA), requiring GEICO to provide $15,000/$30,000 in BI coverage and to defend and indemnify its insured, Guerline Felix. GEICO also appeals the October 14, 2016 order that granted attorney's fees to AAA. We agree that the Deemer statute is applicable to the Florida policy. We affirm both orders.

On September 21, 2013, Felix was involved in a motor vehicle accident with Brian Richards in Newark, New Jersey. Felix and Richards both alleged they sustained personal injuries from the accident. Felix was a resident of Florida and purchased automobile insurance from GEICO in that State. Her policy provided no coverage for BI liability. It also provided that GEICO would not provide BI coverage for a motor vehicle accident outside of her State. Richards resided in New Jersey. His automobile insurance policy was written by AAA. It included uninsured motorist coverage (UM) and underinsured motorist (UIM) coverage.

Felix sued Richards in the Superior Court, Essex County[1] for personal injury damages from the accident. Richards and his wife, filing per quod, sued Felix and AAA for personal injuries in a separate action.[2]

GEICO denied Felix a defense or indemnification under her policy because the Florida policy did not provide BI coverage. She retained personal counsel to represent her in the Richards case. AAA, who was a defendant in Richards, filed a third-party complaint against GEICO, claiming that it had no obligation to provide UM or UIM coverage to Richards because, under the Deemer statute, GEICO's policy was automatically deemed to include $15,000/$30,000 in BI coverage. GEICO's answer opposed application of the Deemer statute.

Both insurers filed motions for summary judgment in April 2016. AAA asked for a declaration that GEICO's policy was deemed to include $15,000/$30,000 of BI coverage and to require GEICO to defend and indemnify Felix. GEICO's summary judgment motion asked to dismiss AAA's third-party complaint.

Following oral argument on June 10, 2016, the trial court granted AAA's motion for summary judgment, ordering that GEICO's

[1]  Felix v. Richards, Docket Number ESX-L-5330-14.

[2]  Richards v. Felix, Docket Number ESX-L-0455-15.

A-5093-16T4

policy was to include the minimum BI coverage required in a standard New Jersey automobile insurance policy. The court found that the Deemer statute was "clear on its face" in requiring out-of-state policies to include "a minimum $15,000 per person and $30,000 per accident in bodily injury liability coverage." The Deemer statute did "not create a carve out for basic New Jersey policies as set forth in Section 3.1, as our Legislature did not include express language reflecting such within the Deemer statute." The court also rejected GEICO's argument that the Deemer statute violated the Equal Protection Clause, relying on other cases that addressed that issue.

Private counsel for Felix filed a motion to compel GEICO to assign her counsel. That motion was granted and, although counsel's application for an award of attorney's fees was denied initially, on reconsideration, the court awarded $2835 in counsel fees and $325 in costs. A stipulation of dismissal dismissed claims between Felix and Richards but preserved GEICO's ability to appeal the Deemer statute issue.

On appeal, GEICO contends the trial court's erroneous interpretation of the Deemer statute created an irreconcilable conflict between the basic policy and the Deemer statute. GEICO argues that the Deemer statute, as amended by the Automobile

Insurance Cost Reduction Act of 1998 (AICRA), L. 1998, c. 21, should be interpreted to incorporate the basic policy and that by doing so, the Florida policy should not have been deemed to include $15,000/$30,000 in BI coverage. GEICO asserts the court's interpretation of the Deemer statute violates the dormant Commerce Clause and the Equal Protection Clause. Finally, GEICO disclaims any obligation to defend or indemnify Felix or to pay for her attorney's fees.

We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

The Deemer statute was "originally enacted in 1985 as part of New Jersey's no fault automobile insurance plan." Cupido v. Perez, 415 N.J. Super. 587, 592 (App. Div. 2010). Its purpose was to "ensure that New Jersey residents injured by out-of-state

vehicles have recourse to policies providing coverage at least as broad as a New Jersey policy."  Craig & Pomeroy, <u>New Jersey Auto Insurance Law</u>, § 3:3, p. 64 (2018).  New Jersey has "a legitimate interest in its insurance scheme."  <u>Whitaker v. DeVilla</u>, 147 N.J. 341, 351 (1997) (quoting <u>Adams v. Keystone Ins. Co.</u>, 264 N.J. Super. 367, 377 (App. Div. 1993)).

As enacted in 1985 and amended in 1988, the statute provided:

> Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements of section 1 of P.L. 1972, c. 197 (C. 39:6B-1) or section 3 of P.L. 1972, c. 70 (C. 39:6A-3), the uninsured motorist insurance requirements of subsection a. of section 2 of P.L. 1968, c. 385 (C. 17:28-1.1), and personal injury protection benefits coverage pursuant to section 4 of P.L. 1972, c. 70 (C. 39:6A-4) or of section 19 of P.L. 1983, c. 362 (C. 17:28-1.3), whenever the automobile or motor vehicle insured under the policy is used or operated in this State.
>
> Any liability insurance policy subject to this section shall be construed as providing the coverage required herein, and any named insured, and any immediate family member as defined in section 14.1 of P.L. 1983, c. 362 (C. 39:6A-8.1), under that policy, shall be

A-5093-16T4

subject to the tort option specified in subsection a. of section 8 of P.L. 1972, c. 70 (C. 39:6A-8).

[L. 1988, c. 119, § 1.]

The Court stated that

the [D]eemer statute guarantees that if the insured's vehicle is operated in New Jersey[,] the insurer will provide liability coverage of not less than $15,000 on account of injury to, or death of, one person in any one accident, coverage of not less than $30,000 on account of injury to or death of more than one person in any one accident, and coverage of not less than $5000 for damage to property in any one accident.

[Whitaker, 147 N.J. at 348 (citing N.J.S.A. 39:6B-1; N.J.S.A. 39:6A-3).]

"In addition, the [D]eemer statute guarantees the out-of-state insured uninsured motorist coverage in the same limits as are required for liability coverage" and personal injury protection (PIP) up to $250,000. Ibid.

The Deemer statute was amended by L. 1997, c. 436, § 1, effective January 19, 1998, to address "affiliate" insurers and added an entirely new sentence "requiring only PIP benefits coverage and then only for New Jersey residents if 'the controlling or affiliated insurer is not transacting automobile or motor vehicle insurance business in New Jersey.'" Cooper Hosp. Univ.

Med. Ctr. v. Prudential Ins. Co., 378 N.J. Super. 510, 516 (App.

Div. 2005) (citation omitted).  As amended, the statute provided,

> Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the personal injury protection benefits coverage pursuant to section 4 of P.L. 1972, c. 70 (C.39:6A-4) or section 19 of P.L. 1983, c. 362 (C.17:28-1.3) for any New Jersey resident who is not required to maintain personal injury protection coverage pursuant to section 4 of P.L. 1972, c. 70 (C.39:6A-4) and who is not otherwise eligible for such benefits, whenever the automobile or motor vehicle insured under the policy is used or operated in this State. In addition, any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements of section 1 of P.L. 1972, c. 197 (C.39:6B-1) or section 3 of P.L. 1972, c. 70 (C.39:6A-3), the uninsured motorist insurance requirements of subsection a. of section 2 of P.L. 1968, c. 385 (C.17:28-1.1), and personal injury protection benefits

A-5093-16T4

> coverage pursuant to section 4 of P.L. 1972, c. 70 (C.39:6A-4) or of section 19 of P.L. 1983, c. 362 (C.17:28-1.3), whenever the automobile or motor vehicle insured under the policy is used or operated in this State.
>
> [L. 1997, c. 436, § 1 (emphasis added).]

Relevant here, that amendment "left virtually intact [the original portion of the Deemer statute][3] save for the addition of the words 'automobile or motor vehicle,' which modif[ied] and, therefore, limit[ed] the type of affiliated insurance businesses with the broader obligation to provide New Jersey insurance benefit coverages to both in-state and out-of-state residents in their out-of-state policies." Cooper Hospital, 378 N.J. Super. at 516. "The original portion of the statute, the second sentence . . . requires that the controlling or affiliated insurer be authorized to transact not any insurance business, but motor vehicle or automobile insurance business in this State." Ibid. (quoting Gov't Emps. Ins. Co. v. Allstate Ins. Co., 358 N.J. Super. 555, 564-65 (App. Div. 2003)). In Cooper Hospital, we rejected the notion of any "across-the-board limitation" of the statute, finding "no Legislative intent to modify the [D]eemer statute." Id. at 519 (quoting Allstate Ins. Co., 358 N.J. Super. at 568).

---

[3] The reference here is to the second sentence of N.J.S.A. 17:28-1.4 that begins, "In addition."

In 1998, the Legislature enacted AICRA which largely became effective in 1999.   Craig & Pomeroy, § 4:3-8, p. 87. The Legislature noted that because of the

> high cost of automobile insurance in New Jersey . . . many-lower income residents . . . have been forced to drop or lapse their coverage in violation of the State's mandatory motor vehicle insurance laws, making it necessary to provide a lower-cost option to protect people by providing coverage to pay their medical expenses if they are injured.
>
> [N.J.S.A. 39:6A-1.1.]

AICRA provided for "the creation of two insurance coverage options, a basic policy and a standard policy."   Ibid.   Under N.J.S.A. 39:6A-3, a standard policy requires the owner of an automobile that is "registered or principally garaged" in New Jersey to maintain BI liability coverage in "an amount or limit of $15,000, exclusive of interest and costs, on account of injury to, or death of, one person, in any one accident; and (b) . . . $30,000, exclusive of interest and costs, on account of injury to or death of, more than one person, in any one accident."

The basic policy is an "alternative to the mandatory coverages provided in sections 3 and 4 of P.L. 1972, c. 70 (C. 39:6A-3 and 39:6A-4)."  N.J.S.A. 39:6A-3.1.  Under N.J.S.A. 39:6A-3.1(c), an owner of an automobile registered or principally garaged in New Jersey can elect to purchase a basic policy that has no BI coverage

minimum, but may include an optional $10,000 BI liability limit

for "injury to, or death of, one or more persons in any one

accident."

AICRA also amended the Deemer statute. As amended, the

statute provides:

> Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province in Canada, shall include in each policy coverage to satisfy at least the personal injury protection benefits coverage pursuant to section 4 of P.L. 1972, c. 70 (C.39:6A-4) or section 19 of P.L. 1983, c. 362 (C.17:28-1.3) for any New Jersey resident who is not required to maintain personal injury protection coverage pursuant to section 4 of P.L. 1972, c. 70 (C.39:6A-4) <u>or section 4 of P.L. 1998, c. 21 (C.39:6A-3.1)</u> and who is not otherwise eligible for such benefits, whenever the automobile or motor vehicle insured under the policy is used or operated in this State. In addition, any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common automobile or motor vehicle insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state or in any province of Canada, shall include in each policy coverage to satisfy at least the liability insurance requirements of <u>subsection a. of</u> section 1 of P.L. 1972, c. 197 (C.39:6B-1) or section 3 of

P.L. 1972, c. 70 (C.39-6A-3), the uninsured motorist insurance requirements of subsection a. of section 2 of P.L. 1968, c. 385 (C.17:28-1.1), and personal injury protection benefits coverage pursuant to section 4 of P.L. 1972, c. 70 (C.39:6A-4) or of section 19 of P.L. 1983, c. 362 (C.17:28-1.3), whenever the automobile or motor vehicle insured under the policy is used or operated in this State.

[N.J.S.A. 17:28-1.4 (emphasis added).]

In the first sentence, that was added by L. 1998, c. 21, § 72, the Legislature inserted a reference to N.J.S.A. 39:6A-3.1. In the second sentence, which is the original portion of the Deemer statute, AICRA added the words "subsection a" proceeding the words "section 1 of P.L. 1972, c. 197". The second sentence was not amended to expressly refer to N.J.S.A. 39:6A-3.1.

We reject GEICO's argument that AICRA's creation of the basic policy option, with no or limited BI coverage, modified the Deemer statute to require no BI coverage for automobiles to which the statute otherwise would apply. The Deemer statute makes one reference to N.J.S.A. 39:6A-3.1 but that is in the first sentence of the statute, that concerns affiliated entities amendment; the reference is not in the second sentence of N.J.S.A. 17:28-1.4. The second sentence only mentions N.J.S.A. 39:6A-3, which is the statute that requires $15,000/$30,000 BI coverage. "[T]he meaning of a statute must . . . be sought in the language in which the act

A-5093-16T4

is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms." Sheeran v. Nationwide Mut. Ins. Co., 80 N.J. 548, 556 (1978) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)). We have no reason to conclude that the Legislature meant to eliminate the $15,000/$30,000 BI coverage minimum just because it referred to the basic policy in one part of the statute that addresses affiliates where it did not include that reference in the second sentence, the original portion of the statute.

AICRA amended the original portion of the Deemer statute to add reference to "subsection a. of section 1 of P.L. 1972, c. 197 (C. 39:6B-1)." N.J.S.A. 17:28-1.4. Subsection "a" requires an owner of a motor vehicle registered or garaged in New Jersey to maintain BI coverage of at least $15,000. It makes no reference to a basic policy. The basic policy is addressed in subsection b, not a, of N.J.S.A. 39:6B-1. "[T]he meaning of a word or series of words may be ascertained by reference to a neighboring set of words or similar provisions in the same statutory scheme." Wells Reit II-80 Park Plaza, LLC v. Dir., Div. of Taxation, 414 N.J. Super. 453, 469 (App. Div. 2010) (citation omitted). We cannot assume that the Legislature intended to incorporate the coverages in the basic policy as the minimum to be applied under the Deemer

statute when AICRA expressly amended the statute to add reference to section "a" of N.J.S.A. 39:6B-1 that did not include the basic policy.  Had the Legislature intended AICRA to change the minimum requirements for out-of-state policies affected by the Deemer statute, it could simply have said so.  "Legislative intent may be determined by analyzing 'legislative history, committee reports, and contemporaneous construction.'"  Cooper Hospital, 378 N.J. Super. at 514 (quoting Burns v. Belafsky, 166 N.J. 466, 473 (2001)).  GEICO points to nothing in AICRA's legislative history for support that the Legislature intended to make the change in the Deemer statute that it raises.

GEICO rests its argument on AICRA's amendment of N.J.S.A. 39:6A-3 to reflect that consumers now have the option to purchase a basic policy.  N.J.S.A. 39:6A-3 was amended to add the language "[e]xcept as provided by section 4 of P.L. 1998, c. 21 (C 39:6A-3.1)," to the beginning of the sentence that then required "every owner or registered owner of an automobile registered or principally garaged in this State [to] maintain automobile liability insurance coverage . . . insuring against loss resulting from liability imposed by law for bodily injury, death and property damage" from an automobile accident of at least $15,000/$30,000.  But other than indicating that insurance consumers can purchase a

basic policy without violating the standard BI liability coverage minimums, we discern no intent by the Legislature that the Deemer statute now should deem out-of-state automobile insurance policies of drivers involved in accidents in New Jersey to have zero BI liability coverage.[4]

N.J.S.A. 39:6A-3 was enacted as part of the New Jersey Automobile Reparations Reform Act (No Fault Act), L. 1972, c. 70 and required, among many other reforms, that motorists maintain a minimum amount of BI liability coverage. "One of the motivating thrusts behind the 1972 reform package was the extraordinary pressure on the Unsatisfied Claim and Judgment Fund [UCJF] by reason of the claims of individuals injured by uninsured motorists." Craig & Pomeroy, § 1:2-5, p. 12. The UCJF "provide[s] a measure of relief to persons who sustain losses inflicted by financially irresponsible or unknown owners or operators of motor vehicles, where such person would otherwise be remediless." Sanders v. Langemeier, 199 N.J. 366, 379 (2009) (quoting Jimenez v. Baglieri, 152 N.J. 337, 342 (1998)). "[T]he reason for the [Deemer] provision was to help reduce the demands on the [UCJF]."

---

[4] GEICO argues that only policies without BI coverage are affected by its interpretation of N.J.S.A. 17:28-1.4. If an out-of-state policy has BI coverage of $5000, GEICO acknowledges that the policy's BI limit should be converted to $15,000. It does not explain its rationale for this argument.

Craig & Pomeroy, § 1:2-7, p. 15. The effect of GEICO's argument is to reform out-of-state policies to include no BI liability coverage; this is contrary to the purpose of the Deemer statute and may increase the financial pressure on the UCJF by reducing to zero the amount of BI liability coverage by out-of-state drivers who have accidents in New Jersey insured by a company doing insurance business in New Jersey.

GEICO's argument may have broad ramifications for other coverages that now are "deemed" to be part of an out-of-state policy under the Deemer statute. For instance, the basic policy reduced the required minimum amount of personal injury protection insurance that can be purchased. GEICO's argument might extend to PIP coverage. Should the Legislature have intended a change in the Deemer statute, as argued by GEICO, it could have said so expressly. Therefore, we agree with the trial judge that the plain language of the Deemer statute requires GEICO's policy here to be reformed to include BI coverage in the amount of $15,000/$30,000.

For the first time on this appeal, GEICO challenges the constitutionality of the Deemer statute under the dormant Commerce Clause. We decline to address this constitutional issue because

it was not raised in the trial court.  State v. Robinson, 200 N.J. 1, 20-22 (2009); State v. Arthur, 184 N.J. 307, 327 (2005).

GEICO also argues that the Deemer statute as interpreted by the trial court violates the Equal Protection Clause.  The statute has been upheld in the past against constitutional challenge under the equal protection law.  See Whitaker, 147 N.J. at 357-358; Adams v. Keystone Ins. Co., 264 N.J. Super. 367, 377-78 (App. Div. 1993); Taylor-Segam v. Rajagopal, 275 N.J. Super. 286, 292 (App. Div. 1994).

The Deemer statute applies to insurers who choose to write policies of insurance in New Jersey or through their affiliates. Insurance is a heavily regulated industry and imbued with strong public interest.  See In re "Plan for Orderly Withdrawal from N.J." of Twin City Fire Ins. Co., 129 N.J. 389, 407 (1992). Although a state cannot discriminate against non-resident businesses in their regulation of commerce, Crespo v. Staph, 128 N.J. 351, 356 (1992), all insurers writing policies in New Jersey are treated uniformly; it's the consumer who has the option to purchase more affordable coverage.

GEICO appeals the trial court's award of attorney's fees and costs to Felix's counsel, who she retained when GEICO denied her

request for representation. The court's October 14, 2016 order provided that it "overlooked/misapplied R. 4:42-9(c)."

We review this award of attorney's fees and costs under an abuse of discretion standard. Garmeaux v. DNV Concepts, Inc., 448 N.J. Super. 148, 156-57 (App. Div. 2016). Here, there was no abuse of discretion. The Rules permit an award of counsel fees "[i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." R. 4:42-9(a)(6). AAA successfully sued GEICO to establish that GEICO's policy should be deemed to include BI coverage. Therefore, it was entitled to an award of fees under the Rule. Because GEICO has not challenged the actual amount of the fees or costs awarded, we have no occasion to review that issue.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5093-16T4