**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3315-22

SPRING OAKS CAPITAL
SPV, LLC, AS SUCCESSOR
TO ORIGINAL CREDITOR
BLUE RIDGE BANK
(UPGRADE),

      Plaintiff-Respondent,

v.

CURTIS BANTON,

      Defendant-Appellant,

and

CURTIS BANTON,
individually and on behalf
of all others similarly situated,

      Third-Party Plaintiff-
      Appellant,

v.

SPRING OAKS CAPITAL
SPV, LLC,

      Defendant-Respondent,

v.

SPRING OAKS CAPITAL,
LLC, PAGAYA ACQUISITION
TRUST I, and PAGAYA AI DEBT
SELECTION GRANTOR TRUST
2020-3,

    Third-Party Defendants-
    Respondents.

_____

Argued March 19, 2024 – Decided April 11, 2024

Before Judges Natali and Puglisi.

On appeal from the Superior Court of New Jersey, Law
Division, Bergen County, Docket No. L-0539-23.

Mark H. Jensen argued the cause for appellant Curtis
Banton (Kim Law Firm LLC, attorneys; Yongmoon
Kim and Mark H. Jensen, on the briefs).

Jeremy J. Zacharias and Joseph Michael DeFazio
argued the cause for respondents (Marshall Dennehey
Warner Coleman & Goggin, attorneys for respondents
Spring Oaks Capital SPV, LLC, and Spring Oaks
Capital, LLC; Troutman Pepper Hamilton Sanders,
LLP, attorneys for respondents Pagaya Acquisition
Trust I, and Pagaya AI Debt Selection Grantor Trust
2020-3; Walter F. Kawalec III, Jeremy J. Zacharias, and
Joseph Michael DeFazio, on the joint brief).

PER CURIAM

By leave granted, defendant/third-party plaintiff Curtis Banton appeals from the Law Division's April 14, 2023 order granting the joint motion to compel arbitration filed by plaintiff/third-party defendants Spring Oaks Capital SPV, LLC and Spring Oaks Capital, LLC (the Spring Oaks entities), Pagaya Acquisition Trust I and Pagaya AI Debt Selection Grantor Trust 2020-3 (the Pagaya entities); and the June 13, 2023 order denying Banton's motion for reconsideration.

On February 2, 2021, defendant signed a loan agreement for $6,720 with Blue Ridge Bank. The loan agreement contained an arbitration agreement requiring any dispute to be resolved exclusively through arbitration. The arbitration agreement defined a dispute as any unresolved disagreement between the parties that arose out of or related in any way to the agreement, the loan, or the relationship between the parties, including Upgrade, Inc., which was the loan servicer, or any assignee or holder of the loan. A dispute also included any disagreement about whether the arbitration agreement was enforceable or valid, the meaning of the arbitration agreement, and whether a disagreement is a dispute subject to binding arbitration.

The arbitration agreement included an opt-out provision, which required the borrower to send an arbitration opt-out notice to Blue Ridge Bank, care of

3

Upgrade, Inc.  The arbitration agreement also provided that its provisions were to be governed exclusively by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16.

According to the certification of counsel filed with the trial court, Blue Ridge Bank sold, assigned and conveyed the loan to the Pagaya Trusts, but Upgrade, Inc. remained the loan servicer.  The Pagaya Trusts subsequently assigned all rights, title and interest in the loan to Spring Oaks Capital, LLC, which then conveyed the loan to its subsidiary, Spring Oaks Capital SPV, LLC. On April 3, 2022, defendant defaulted on the loan.

On October 19, 2022, Spring Oaks SPV, LLC filed a complaint against Banton in the Law Division, Special Civil Part, seeking to recover the defaulted debt along with costs of suit.  In addition to his answer and affirmative defenses, Banton filed a class action counterclaim against Spring Oaks Capital SPV, LLC and a third-party complaint against Spring Oaks Capital, LLC and the Pagaya entities.  In the counterclaim and third-party complaint, defendant alleged Spring Oaks SPV, LLC failed to obtain a license under the New Jersey Consumer Finance Licensing Act, N.J.S.A. 17:11C-1 to -89, and therefore the assignment and any rights conveyed by it were void and unenforceable.

Because Banton alleged a class action, the matter was transferred from the Special Civil Part to the Law Division. The Pagaya and Spring Oaks entities then filed a joint motion to compel arbitration. Banton conceded there was a valid arbitration agreement but argued, as he does on appeal, that the Pagaya and Spring Oaks entities were not legally assigned the ability to compel arbitration, and even if they were, they waived the ability to compel arbitration by their conduct in the litigation. We disagree and affirm.

We review a trial court's decision to compel arbitration de novo. Flanzman v. Jenny Craig, Inc., 244 N.J. 119, 131 (2020). Pursuant to Rule 2:2-3(a), "[o]rders compelling arbitration are deemed final for purposes of appeal," and because they are a "legal determination," the decision is reviewed de novo. Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013). Our Supreme Court held that "[i]n reviewing such orders, we are mindful of the strong preference to enforce arbitration agreements, both at the state and federal level." Ibid.

"Reconsideration is a matter within the sound discretion of the Court, to be exercised in the interest of justice." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). We review the trial court's denial of a motion for

reconsideration under the abuse of discretion standard. <u>Branch v. Cream-O-Land Diary</u>, 244 N.J. 567, 582 (2021).

As he did before the trial court, defendant alleges the Spring Oaks and Pagaya entities failed to establish they were assigned the rights under the agreement, including the right to compel arbitration. <u>See</u> <u>New Century Fin. Serv., Inc v. Oughla</u>, 437 N.J. Super. 299, 314 (2014) ("plaintiffs must prove that they own the . . . debts on which they sue, whether one characterizes it as standing to sue or an essential element of proof on an assigned claim."); <u>see</u> <u>also</u> <u>Sullivan v. Visconti</u>, 68 N.J.L. 548, 550 (1902) ("where the suit is brought by the assignee in his own name he must aver and prove that the cause of action was, in fact, assigned to him."). The Pagaya and Spring Oaks entities argue they did in fact demonstrate the assignments.

Defendant also claims, as he did in his complaint and motion for reconsideration, the Spring Oaks and Pagaya entities were not licensed under N.J.S.A. 17:11C-33(a)(b) and therefore the collection of the debt violates public policy.[1] <u>See</u> <u>Accountemps Div. of Robert Half, Inc. v. Birch Tree Grp., Ltd.</u>,

---

[1] Banton relies on unpublished opinions from state and federal court throughout this point in his appellate brief. Unpublished decisions are not precedential and cannot be cited by this court, and counsel did not confirm compliance with the requirement that all contrary unpublished opinions known to counsel were also served on the court and opposing counsel. <u>See</u> <u>Rule</u> 1:36-3.

A-3315-22

115 N.J. 614, 626 (1989) ("public policy precludes enforcement of a contract entered into in violation of [a] licensing statute."). The Pagaya and Spring Oaks entities contend they obtained the proper licenses.

We need not reach the merits of either of these issues because they are both subject to arbitration under the agreement, and "a court may not decide an arbitrability question that the parties have delegated to an arbitrator." Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 530 (2019); see also Amalgamated Transit Union, Loc. 880 v. N.J. Transit Bus Operations, Inc., 200 N.J. 105 (2009). Here, Banton challenged assignment of the loan and the ability of the purported assignee to collect the debt, which is a dispute about the "relationship between [the parties]" and "whether [the] arbitration agreement . . . is enforceable," as defined in the arbitration agreement. Even if there is a question whether either issue raised by Banton constitutes a "dispute" as defined in the arbitration agreement, that issue is subject to arbitration under the agreement as well.

Lastly, Banton reiterates the Spring Oaks entities waived their right to invoke the arbitration clause. We are unpersuaded by this argument.

The Supreme Court in Morgan v. Sundance, Inc. held that "[t]o decide whether a waiver has occurred, the court focuses on the actions of the person

7

who held the right." 142 S. Ct. 1708, 1713 (2002). A "court assessing waiver does not generally ask about prejudice. Waiver, we have said, 'is the intentional relinquishment or abandonment of a known right.'" Ibid. (quoting U.S. v. Olano, 507 U.S. 725, 733 (1993)).

Here, Spring Oaks Capital SPV, LLC filed a complaint to collect the debt in the Special Civil Part. Banton exercised his right to file an answer, counterclaim and third-party claim, which was then transferred to the Law Division. Because Banton disputed aspects of the allegations in the complaint, Spring Oaks took no further action in the lawsuit and instead invoked its right to arbitration. Nothing about Spring Oaks's actions prior to that constitute an intentional relinquishment or abandonment of its right to arbitration, and Banton's claims to the contrary are without merit.

First, Banton's interpretation of waiver suggests that a lending entity would be barred from arbitration by filing a complaint. This is an absurd conclusion, because a complaint could result in default or payment of the debt, neither of which would necessitate the invocation of an arbitration clause. It is only when a dispute arises, as demonstrated by Banton's actions in this matter, that a lender must decide whether to invoke arbitration or waive arbitration and litigate the matter. Moreover, a lending entity may need to preserve its ability

8

to file a complaint within the applicable statute of limitations, notwithstanding its right to arbitration. And lastly, the agreement here was subject to the FAA, which provides at 9 U.S.C. § 3:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Because the FAA refers to "any suit or proceeding be[ing] brought in any of the courts," it encompasses the scenario here. To adopt Banton's argument would render this language in the FAA superfluous, and we may not interpret the statute in this manner. See Cupido v. Perez, 415 N.J. Super. 587, 595 (App. Div. 2010) ("'Courts should construe a statute, if possible, so no term is rendered superfluous or meaningless.'") (citing 1A Sutherland Statutory Construction, 163 (7th ed.)).

Because we agree with the trial court's decision to stay the matter and compel arbitration, we find no abuse of discretion in its denial of the motion for reconsideration.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3315-22